Filed 6/24/21  P. v. Castro CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>CARLOS CASTRO,<br><br>    Defendant and Appellant. | F080356<br><br>(Kern Super. Ct. No. BF173894A)<br><br><br>**OPINION** |

-ooOoo-

### THE COURT\*

APPEAL from a judgment of the Superior Court of Kern County.  Stephen D. Schuett, Michael G. Bush, and Judith K. Dulcich, Judges.†

James E. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\* Before Hill, P.J., Levy, J. and Detjen, J.

† Judge Schuett presided over the preliminary hearing; Judge Bush presided over and ruled on the motion to set aside the information; and Judge Dulcich presided over the change of plea hearing, the motion to amend the information, and the sentencing hearing.

## INTRODUCTION

Appellant and defendant Carlos Castro pleaded no contest to voluntary manslaughter and was sentenced to the stipulated term of 12 years. On appeal, his appellate counsel has filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) We affirm.

## FACTS[1]

On the morning of September 20, 2003, Bakersfield Police Department officers responded to Cardenas Produce and found Renato Morales, an employee, had been killed as a result of multiple stab wounds to his body and head. Morales was lying on the floor, and there was a large amount of blood around his body. There was also blood on the building's interior walls and furniture. Morales had defensive wounds on his arms and legs. A witness reported that he saw Morales's van being driven away just before his body was found.

On June 8, 2018, the Department of Justice CAL-DNA databank notified the Kern County Regional Crime Laboratory that defendant was a possible suspect because of DNA matches at both the crime scene and on a vehicle suspected to be related to the crime.

## PROCEDURAL BACKGROUND

On September 26, 2018, a felony complaint was filed in the Superior Court of Kern County charging defendant with count 1, first degree premeditated murder of Morales on September 20, 2003 (Pen. Code, § 187, subd. (a)),[2] with the special circumstance that he committed the murder while engaged in the commission or attempted commission of a burglary (§ 190.2, subd. (a)(17)(g)); and the special allegation

---

[1] The preliminary hearing transcript is not part of the instant record. The facts are from the summary of the police report contained in the probation report.

[2] All further statutory references are to the Penal Code unless otherwise stated.

2.

that he personally used a deadly weapon, a knife (§ 12022, subd. (b)(1); count 2, taking or driving Morales's vehicle with the intent to deprive the owner of lawful possession (Veh. Code, § 10851, subd. (a)); and count 3, misdemeanor theft of property (§ 488).

It was further alleged that defendant had been declared in juvenile case No. JW096905, that he was not amenable to care, treatment, and training in juvenile programs, and not a fit subject to be dealt with under the juvenile court law (Welf. & Inst. Code, § 707 subd. (a)(1)).

On January 31, 2019, the preliminary hearing was held. The court found there was insufficient evidence to support the special circumstance for count 1, the case was not death eligible, and dismissed the special circumstance. It also found insufficient evidence to support count 3 and dismissed that charge. The court held defendant to answer on counts 1 and 2, and the deadly weapon enhancement.

On February 4, 2019, the information was filed that charged defendant with count 1, first degree premeditated murder with the deadly weapon enhancement; and count 2, taking or driving a vehicle; and that defendant had been declared in juvenile case No. JW096905, that he was not amenable to care, treatment, and training in juvenile programs, and not a fit subject to be dealt with under juvenile court law.

On May 7, 2019, defendant filed a motion to set aside the information pursuant to section 995 and raised foundational challenges to the admission of the blood and DNA evidence. On May 29, 2019, the prosecution filed its response. On June 5, 2019, the court heard argument on the motion, and denied it on June 10, 2019.

**Plea and sentencing**

On October 23, 2019, the court granted the People's motion to amend the information to add count 3, voluntary manslaughter (§ 192, subd. (a)). Thereafter, defendant pleaded no contest to count 3 and admitted the personal use enhancement, for the stipulated term of 12 years and dismissal of the remaining charges and allegations.

On November 21, 2019, the court denied probation and sentenced defendant to the stipulated term of 12 years in prison, based on the upper term of 11 years for count 3, plus one year for the enhancement. According to the reporter's transcript, defense counsel stipulated to the fines and fees recommended in the probation report. The court imposed each of those fines and fees, consisting of the criminal conviction assessment of $30 (Govt. Code, § 70373), the court operations assessment of $40 (§ 1465.8), a restitution fine of $200 (§ 1202.4), and suspended the parole revocation fine in the same amount (§ 1202.45).

On November 22, 2019, defendant filed a timely notice of appeal, and requested a certificate of probable cause based on the court's denial of his section 995 motion and his foundational challenges to the admission of the blood and DNA evidence. His request for a certificate of probable cause was granted.

**Postjudgment motion**

On October 29, 2020, appellate counsel sent a letter to the trial court pursuant to section 1237.2 requesting the correction of errors in the abstract of judgment as to the precise amounts of fines and fees imposed at the sentencing hearing on November 21, 2019. Appellate counsel stated the court correctly order a $200 restitution fine, and suspended the $200 parole revocation fine, consistent with the law at the time of defendant's crime, but the abstract erroneously stated both amounts were $300.

On November 3, 2020, the trial court issued an amended abstract of judgment that stated it imposed a restitution fine of $200 (§ 1202.4, subd. (b)) and suspended the parole revocation fine of $200 (§ 1202.45).

## DISCUSSION

As noted above, defendant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that defendant was advised he could file his own brief with this court. By letter on December 1, 2020, we invited defendant to submit additional briefing. To date, he has not done so.

4.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## <u>DISPOSITION</u>

The judgment is affirmed.